No. 10,345.

## KEISER *v.* THE STATE.

INTOXICATING LIQUOR.—*Sale or Gift.*—*Question of Fact.*—*Instruction.*—*Criminal Law.*—Whether the delivery of intoxicating liquor, by an unlicensed saloon keeper, to one who received and drank it, was intended by the

parties to be a sale or a gift, is a question of fact to be determined from all the evidence; and an instruction that if "the same was not then and there declared to be a gift, the law implies an agreement to pay the reasonable value thereof, and the transaction is a sale," is erroneous.

From the Henry Circuit Court.

*D. W. Chambers* and *J. S. Hedges,* for appellant.

*D. P. Baldwin,* Attorney General, and *L. P. Newby,* Prosecuting Attorney, for the State.

WORDEN, C. J.—Information against Keiser for selling intoxicating liquor to one Charles Lowe without a license.

Trial, conviction and judgment.

On the trial it was made a question whether defendant sold the liquor to Lowe or gave it to him.

On this point the court charged the jury as follows:

" If you are satisfied from the evidence that the prosecuting witness, Charles Lowe, at," etc., " asked of the defendant a drink of intoxicating liquor of any kind, if the defendant was then and there engaged in and running a saloon, and that the defendant then and there set out to him such liquor in a less quantity than a quart, and said Lowe then and there took and drank said intoxicating liquor, and then passed out and from the presence of the defendant, and that nothing was then paid therefor, and that nothing was then and there said on the subject of paying therefor, and that the same was not then and there declared to be a gift, the law implies an agreement to pay the reasonable value thereof, and the transaction is a sale," etc.

This charge was, in our opinion, wrong and well calculated to mislead the jury.

It was a question for the exclusive determination of the jury, in view of all the evidence in the cause, whether the transaction was intended by the parties to be a sale or merely a gift of the liquor. If intended by the parties to be a gift, the law implies no agreement to pay for the liquor, and the transaction can not amount to a sale.

It might well have been inferred from facts and circumstances, that a gift and not a sale of the liquor was intended by the parties, though the transaction was not " then and there declared to be a gift."

Some other questions are made in the cause, which need not be considered, as the judgment must be reversed for the reason above given.

The judgment below is reversed, and the cause remanded for a new trial.